UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-62563-RS

**SECURITIES AND EXCHANGE COMMISSION,**

        **Plaintiff,**

**v.**

**ROBERT TODD SETH,**

        **Defendant.**

_____/

**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF
AGAINST DEFENDANT ROBERT TODD SETH**

This cause comes before the Court upon Plaintiff, Securities and Exchange Commission's Unopposed Motion for a Judgment of Permanent Injunction and Other Relief Against Defendant Robert Todd Seth ("Motion"). By the Consent of Robert Todd Seth to Judgment of Permanent Injunction and Other Relief ("Consent") annexed to the Motion as Exhibit B [DE 4-2], without admitting or denying the allegations of the Complaint (except that Seth admits the jurisdiction of this Court over him and over the subject matter of this action and as otherwise set forth in Section V below), Seth has entered a general appearance, consented to entry of this Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment. The Court finds that good cause exists for entry of the Judgment. Accordingly, the Commission's Motion is **GRANTED**. The Court further orders as follows:

**I.**

**PERMANENT INJUNCTIVE RELIEF**

**A.  Section 5 of the Securities Act of 1933 ("Securities Act")**

**IT IS ORDERED AND ADJUDGED** that Seth is permanently restrained and enjoined

from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Seth's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Seth or with anyone described in (a).

### B.  Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act")

**IT IS FURTHER ORDERED AND ADJUDGED** that Seth is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1), by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Seth's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Seth or with anyone described in (a).

## II.

### MONETARY RELIEF

**IT IS FURTHER ORDERED AND ADJUDGED** that Seth shall pay disgorgement of ill-gotten gains, prejudgment interest on disgorgement, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §78u(d)(3).  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Any such motion shall be filed by **May 14, 2021**.  Prejudgment interest on disgorgement shall be calculated from July 27, 2018, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement or a civil penalty, and at any hearing held on such a motion: (i) Seth will be precluded from arguing that he did not

3

violate the federal securities laws as alleged in the Complaint; (ii) Seth may not challenge the validity of the Consent or this Judgment; (iii) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (iv) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and a civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

## III.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and Seth shall comply with all of the undertakings and agreements set forth therein.

## IV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for purposes of enforcing terms of this Judgment.

## V.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Seth, and further, any debt for disgorgement, prejudgment interest, or civil penalty or other amounts due by Seth under this Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding,

is a debt for the violation by Seth of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VI.

## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 15th day of December, 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Copies to all parties and counsel of record